Appeal of **MORRIS & COMPANY, INC.**        Docket No. 108.

> Good will growing with a business, capitalized upon reorganization and excluded from invested capital, *held*, not a case within section 327 to justify special assessment.

Submitted January 26, 1925; decided February 28, 1925.

*H. A. Mihills, C. P. A.,* for the taxpayer.

*Robert A. Littleton, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

The taxpayer appeals from the Commissioner's determination of a deficiency for the fiscal year ended August 31, 1919, of $3,959.57, and a deficiency for the fiscal year ended August 31, 1920, of $2,081.99. The ground of appeal is the Commissioner's alleged failure to compute the profits tax under section 328 of the Revenue Act of 1918. The taxpayer's secretary and assistant treasurer testified at the hearing.

### FINDINGS OF FACT.

The taxpayer was incorporated November 5, 1917, to succeed a partnership which had been in existence since 1898. The interests in the partnership and the corporation were substantially the same. The business was the manufacture and sale of middy blouses and suits and other garments. The corporation issued $300,000 capital stock to the partners—$250,000 common and $50,000 preferred—in exchange for the merchandise, machinery, fixtures, cash, and good will of the partnership. The accounts receivable were not transferred. The partnership did not carry any good will upon its books.

The partnership originated the *Paul Jones* middy. The name *Paul Jones* was covered by a registered trade-mark in the United States, and the name *Admiral Nelson* was registered for the same article in Canada. The good will of the business was in part attributable to this trade-mark, which was well known in the trade, and in part to the " demand which the taxpayer created for its garments," the " marketing of a guaranteed article." For this good will, $50,000 in capital stock was issued by the corporation. The valuation was believed by the witness to be greater than $50,000, and his testimony in answer to the question, " What was the basis of this value of $50,000 ? " was: ". Well, only the profit from the building up around that trade-mark name of *Paul Jones*, and we have made that a very valuable thing in the manufacture of our garments, and that is about the best explanation I can make of it."

The net income of the partnership for the five years preceding incorporation was:

| | |
|---|---:|
| 14 months ended Aug. 31, 1913 | $92, 800. 75 |
| Fiscal year ended Aug. 31, 1914 | 79, 279. 49 |
| Fiscal year ended Aug. 31, 1915 | 105, 556. 55 |
| Fiscal year ended Aug. 31, 1916 | 135, 160. 13 |
| Fiscal year ended Aug. 31, 1917 | 94, 557. 15 |

and for the corporation from its organization:

| | |
|---|---:|
| Nov. 15, 1917, to Aug. 31, 1918 | $126, 651. 41 |
| Fiscal year ended Aug. 31, 1919 | 234, 857. 19 |
| Fiscal year ended Aug. 31, 1920 | 272, 451. 21 |

The net tangible assets of the partnership were:

| | |
|---|---:|
| Aug. 31, 1913 | $156, 435. 12 |
| Aug. 31, 1914 | 169, 913. 66 |
| Aug. 31, 1915 | 200, 168. 07 |
| Aug. 31, 1916 | 254, 567. 42 |
| Aug. 31, 1917 | 304, 022. 14 |

and of the corporation:

| | |
|---|---:|
| Nov. 15, 1917 | $250, 000. 00 |
| Aug. 31, 1918 | 374, 901. 41 |
| Aug. 31, 1919 | 516, 346. 10 |
| Aug. 31, 1920 | 658, 648. 14 |

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

STERNHAGEN: The taxpayer seeks assessment of its profits tax by the method of comparison set forth in section 328 of the Revenue Act of 1918. This method may be used only " in cases specified in section 327." It is not necessary to set forth the four classes of cases so specified. We are unable to determine which of these statutory classes the taxpayer relies upon as the basis for its demand. From the petition it appears that the facts relied upon are " that taxpayer built up and developed intangible assets of recognized value and substantial in amount which have been excluded from invested capital by the Commissioner," which, from the revenue

agent's report and the deficiency notice, appears to mean that the exclusion of the good will received for $50,000 of capital stock is the justification for special assessment. This, we think, is not sufficient.

The corporation was the result of a reorganization of a business carried on prior to its organization, and, under section 331 of the statute, the invested capital is no greater than that of the partnership. The good will was something which had grown with the business, and not something which the owners had ventured in the enterprise. Since it was not paid for or invested, it was not a factor in determining excess profits. Thus it was purposely excluded from invested capital, and its exclusion must be regarded as the normal application of the statute. It can not be consistently said that the statute excludes the item from invested capital and at the same time treats such exclusion as so abnormal as to be the ground for relief by special assessment.

On consideration by the Board, TRAMMELL dissents.