*705 OPINION.
Sternhagen :
The taxpayer seeks assessment of its profits tax by the method of comparison set forth in section 328 of the Revenue Act of 1918. This method may be used only “ in cases specified in section 327.” It is not necessary to set forth the four classes of cases so specified. We are unable to determine which of these statutory classes the taxpayer relies upon as the basis for its demand. From the petition it appears that the facts relied upon a>o “chat taxpayer built up and developed intangible assets of recognized value and substantial in amount which have been excluded from invested capital by the Commissioner,” which, from the revenue *706 agent’s report and the deficiency notice, appears to mean that the exclusion of the good will received for $50,000 of capital stock is ■the justification for special assessment. This, we think, is not sufficient.
The corporation was the result of a reorganization of a business carried on prior to its organization, and, under section 831 of the statute, the invested capital is no greater than that of the partnership. The good will Avas something which had grown with the business, and not something Avhich the oAvners had ventured in the enterprise. Since it was not paid for or invested, it Avas not a factor in determining excess profits. Thus it was purposely excluded from invested capital, and its exclusion must be regarded as the normal application of the statute. It can not be consistently said that the statute excludes the item from invested capital and at the same time treats such exclusion as so abnormal as to be the ground for relief by special assessment.
On consideration by the Board, Trammell dissents.